This proceeding was commenced for the partition of certain lands among the heirs of J. W. Foust, and the administrator of Foust was made a party.
It was admitted that it would be necessary to sell a part of said land for the payment of debts, and it was agreed that before the division was made, 10 acres on the east side of said land should be laid off for that purpose, by commissioners appointed by the court.
On 30 March, 1912, the clerk made an order directing "That J. H. Johnson, E. F. Paschal, and C. C. Townsend be and they are hereby appointed commissioners to lay off and set apart 10 acres on the east side of said tract of land, which said 10 acres is to be sold under order of this court in this cause at a later day to create assets with which to pay debts outstanding against the estate of the said Joseph W. Foust and the charges of administration. Said commissioners are authorized and directed to employ a surveyor of their own selection in laying off said 10 acres of land. And this cause is retained for further orders."
On 13 May, 1912, before said commissioners had laid off said 10 acres, J. D. Oldham made the following offer to the administrator of said Foust:
"I hereby offer you the sum of $350 at private sale for 10 acres of land of the Joseph W. Foust estate, said land to be laid off west of the lands belonging to L. A. Carmen and myself, in the town of Whitsett, N.C. and described as near as may be as follows: Beginning at my southwest corner and running nearly west about 950 feet to a stake or a stone; thence nearly north about 575 feet to a stake or a stone; thence nearly east about 650 feet to said Carmen's line; thence about south with said Carmen's line 351 feet to Carmen's corner; thence (334) with Carmen's line, about east about 300 feet to my corner with Carmen; thence with my line about south, to the beginning corner 224 feet.
"As an additional consideration for the purchase above proposed, I agree to release from the operation of a lease executed to me by the said Joseph W. Foust any lands included in same and not included in the proposed purchase. *Page 272 
"Said offer is made subject to be withdrawn if not accepted in ten days, and upon the express condition that a good title, free from all encumbrances, is to be given me. Cash to be paid upon the delivery of the deed."
The administrator reported this offer to the clerk on 21 May, 1912, and on the same day the clerk made an order in the cause, concluding as follows:
"Now, therefore, it is ordered and adjudged that J. B. Minor be appointed a commissioner to sell the land to said J. D. Oldham at private sale at said sum of $350, and he is ordered and directed to sell said land and to convey the same to the said J. D. Oldham by deed in fee simple upon the payment of the purchase money, and after said land has been set apart as heretofore ordered."
On 15 June, 1912, L. A. Carmen made an offer to pay $375 for the 10 acres to be allotted.
On 25 June, 1912, the commissioners set apart said 10 acres, which cover only in part the land described in the offer of said Oldham.
In July, 1912, the administrator reported the offer of said Carmen, and the clerk thereupon rescinded and set aside his order of 21 May, 1912, and directed that the 10 acres set apart by the commissioners be sold publicly according to law.
The said Oldham resisted this last order, offered to pay said sum of $350, and demanded a deed.
He excepted to said order, and appealed to the judge, and upon the approval of the order of the clerk by the judge, appealed to this Court.
(335) The offer of the appellant, Oldham, was to pay $350 for 10 acres of land described by metes and bounds. The acceptance, if the order of 21 May may be regarded as such, was to sell to him 10 acres, to be thereinafter set apart by commissioners, for the sum of $350, and when the land was allotted it was not the land described in the offer.
Under these facts, it would seem that the proposed purchaser would not be bound by his offer, and that he has acquired no rights in the land laid off by the commissioners.
If demand had been made on him after the 10 acres had been set apart for the payment of the purchase price of $350, he could have resisted payment successfully, upon the ground that he had made no offer to buy that lot of land, and as his offer, as made, has never been accepted, he has acquired no rights in the premises.
Affirmed. *Page 273